```
```
Case 2:04-cv-00183-LRS    Document 18    Filed 05/06/05

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| MYRON A. MANIER,      |                                  |
|                       |  NO. CV-04-183-LRS               |
| Petitioner,           |                                  |
|                       |  ORDER DENYING REQUEST FOR       |
| v.                    |  EVIDENTIARY HEARING AND WRIT OF |
|                       |  HABEAS CORPUS                   |
| MARK K. STERK,        |                                  |
|                       |                                  |
| Respondent.           |                                  |

   **BEFORE THE COURT** is Petitioner's First Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 4), filed July 23, 2004; Petitioner's Request for Hearing (Ct. Rec. 10), filed September 2, 2004; and Respondent's Answer and Memorandum of Authorities (Ct. Rec. 11), filed on October 1, 2004.

   Petitioner Myron Manier is *pro se* and Respondent is represented by Washington State Senior Counsel Paul Weisser. This matter was heard without oral argument. After careful review and consideration of the papers and the relevant state court record submitted, it is hereby determined that the Petition for Writ of Habeas Corpus be denied. In accord with Rule 8 of the Rules Governing Section 2254 cases, and in response to Petitioner's request, the Court reviewed the proceedings to determine whether an evidentiary hearing is required. Petitioner's Request for Evidentiary Hearing is denied as well.

ORDER - 1

## I. STATE COURT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

At the time his petition was filed, Petitioner was in state custody pursuant to two judgments of the Spokane County Superior Court. On January 5, 2004, Petitioner pleaded guilty to one count of second degree theft. Exhibit 4[1]. The Honorable Salvatore F. Cozza sentenced him to 12 months confinement in the Spokane County Jail and to 12 months of community custody under the supervision of the Washington Department of Corrections. SCP, Exh. 5.

On the same day, January 5, 2004, Petitioner also pleaded guilty to one count of voyeurism. SCP, Exh. 9. On February 20, 2004, Judge Cozza sentenced him to 12 months in jail and 24 months of community custody. SCP, Exh. 11.

Petitioner did not appeal his convictions or sentences. He did, however, file a petition for a writ of habeas corpus with the superior court on February 20, 2004. SCP, Exh. 13. In that petition, Manier claimed that his speedy trial rights under Superior Court Criminal Rule (CrR) 3.3 were violated. *Id*. The superior court denied the requested relief, reasoning that Manier's guilty pleas waived any arguable speedy trial claims. SCP, Exh. 14.

Petitioner then filed a personal restraint petition with the Washington Court of Appeals, again claiming that his speedy trial rights had been violated under CrR 3.3. SCP, Exh. 15. The Chief Judge of the Court of Appeals dismissed the petition ruling that

---

[1] Exhibits are from Respondent's "Submission of Relevant State Court Proceedings," hereinafter SCP, filed October 1, 2004 (Ct. Rec. 12).

ORDER - 2

Manier waived his speedy trial challenges by entering guilty pleas and that his allegations that defense counsel provided ineffective assistance were too vague to warrant relief. SCP, Exh. 16. Chief Judge Brown wrote:

> Mr. Manier waived his speedy trial challenges by entering guilty pleas. *See State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980); *State v. Wilson*, 25 Wn.App. 891, 895, 611 P.2d 1312 (1980). His contentions that his pleas were involuntary and that his attorney gave him ineffective assistance amount to conclusory allegations that are insufficient to command review in a personal restraint petition. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813014, 792 P.2d 506 (1990). Mr. Manier makes no showing that he is under unlawful restraint. RAP 16.4(a), (c).

SCP, Exh. 16, Order Dismissing Personal Restraint Petition.

On May 5, 2004, Petitioner sought discretionary review in the Washington Supreme Court, again arguing that his speedy trial rights were violated and that counsel provided ineffective assistance. SCP, Exh. 19. On May 13, 2004, the Commissioner of the Supreme Court denied review. SCP, Exh. 20. The Washington Supreme Court stated:

> The Chief Judge committed no error meriting this court's review. By pleading guilty, Mr. Manier waived his speedy trial right. *State v. Wilson*, 25 Wn.App. 891, 895, 611 P.2d 1312 (1980). Mr. Manier argues his counsel was ineffective in this regard, but he provides no materials showing that to be the case.

SCP, Exh. 20, Ruling Denying Review.

**II. GROUNDS FOR RELIEF**

On July 23, 2004, the Petitioner commenced this federal habeas action. The petition raises the following two alleged claims:

///

ORDER - 3

(1) Ineffective assistance of counsel; and

(2) Denial of the right to a speedy trial.

**III. EXHAUSTION OF STATE REMEDIES**

Respondent argues that Petitioner's claims are unexhausted and that he is now procedurally barred from returning to state court in an effort to properly litigate the claims. Ct. Rec. 11, at 3.

Before a federal court will consider the merits of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a Petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the state courts. The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state courts the first opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982). A Petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. §§ 2254. *Rose v. Lundy,* 455 U.S. 509, 519 (1982).

**A.   Ground One-Ineffective Assistance of Counsel**

Respondent argues that Petitioner failed to alert the Washington Supreme Court that his ineffective assistance of counsel had a federal constitutional basis. Specifically, Respondent asserts that Petitioner failed to raise a claim of Sixth Amendment violation of effective assistance of counsel. This court agrees with Respondent.

ORDER - 4

Petitioner did not allege that counsel's actions or omissions deprived him of any right under the constitution, whether state or federal. In fact, Petitioner did not even allege that, but for counsel's alleged errors, he would not have pleaded guilty and would have instead insisted on going to trial. Hence, Respondent argues, this claim is unexhausted and now procedurally barred under Washington law. Ct. Rec. 11 at 13.

Even if the court were to find this claim exhausted and not procedurally barred, it is clearly without merit based on Petitioner's failure to provide any argument or evidence to support his allegation of ineffective assistance of counsel. Ct. Rec. 11 at 14-15.

**B.  Ground Two-Speedy Trial**

Respondent argues that although Petitioner referred to the alleged speedy trial violation as a violation of his "constitutional rights" in his motion for discretionary review, he did not alert the Washington Supreme Court that this claim had a federal constitutional basis. Ct. Rec. 11 at 12. Respondent states that Petitioner cited no federal case law nor did he cite to the federal Constitution. *Id*. Additionally, Respondent asserts that this habeas claim is procedurally barred because well-settled Washington law bars personal restraint petitioners from renewing claims raised and rejected on direct appeal unless the petitioner can demonstrate that the interests of justice require relitigation of the issue. Ct. Rec. 11, at 13. Respondent concludes that Petitioner cannot meet this burden. The court agrees with Respondent.

ORDER - 5

### C. Exhaustion Analysis

A convicted state defendant may seek federal habeas relief only after he exhausts his available state court remedies. *U.S. ex rel. Falconer v. Lane*, 720 F.Supp. 631, 638 (N.D.Ill.1989). If he does so by obtaining a ruling on the merits of his federal claim, or by fairly presenting his claim through the state court processes, then he is entitled to have a federal court rule on his claim. *Id.* If, on the other hand, he exhausts his state court remedies by defaulting on his federal claim, then he may obtain federal relief only if he can establish one of the following: (1) that the state court's finding of procedural default was not an adequate and independent ground for its decision; (2) that he had cause for the default and was prejudiced by it; or (3) that the failure to grant him relief would result in a fundamental miscarriage of justice. *Id*.

As to the speedy trial violation, the court finds that Petitioner failed to fairly present his claim to the state's highest court. As to the ineffective assistance of counsel claim, it appears that Petitioner failed to allege counsel's actions or inactions deprived him of any right under the federal Constitution or violated the Sixth Amendment. The Court finds Respondent's arguments convincing regarding the exhaustion issues.

### IV. EVIDENTIARY HEARING REQUEST

Respondent argues that Petitioner's claims raise questions of law only and may be resolved by a review of the existing record. Further, Respondent states that 28 U.S.C. §2254(e)(2) precludes an evidentiary

ORDER - 6

hearing on Petitioner's ineffectiveness claim assuming for the sake of argument that Petitioner's vague allegations presented a disputed question of fact. Ct. Rec. 11 at 5. The court agrees with Respondent.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), alters the standard for determining the necessity for an evidentiary hearing. Prior to the AEDPA, *Townsend v. Sain*, 372 U.S. 293, 312-13, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 4, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) identified circumstances in which a federal evidentiary hearing was mandatory. The AEDPA, in contrast, significantly restricts the power of district courts to grant evidentiary hearings as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 USC § 2254(e)(2) (1996).

To present evidence that was not considered by the state court in a federal habeas corpus proceeding, this amended § 2254(e)(2) poses an

ORDER - 7

initial hurdle.  Specifically, it provides that if a petitioner "has failed to develop the factual basis of a claim" in state court, then he may not present any new evidence in a federal habeas corpus proceeding unless he can meet the stringent requirements of subsections (A) and (B).  If, on the other hand, the petitioner has not "failed to develop" the facts in state court, then the district court may proceed to consider whether an evidentiary hearing is appropriate.

   Although not defining when a petitioner "has failed to develop the factual basis of a claim in State court proceedings" in §2254(e)(2), the Ninth Circuit has held that it clearly excludes the failure by a state court to conduct an evidentiary hearing.  *Jones v. Wood*, 114 F.3d at 1013.  This is in accord with the conclusion by several other circuits that the failure to develop the factual basis in state court means some sort of failure attributable to the petitioner, i.e. something the petitioner did or omitted to do.  *Caldwell v. Greene*, 152 F.3d 331, 337 (4th Cir.), *cert denied* 525 U.S. 1037, 119 S.Ct. 587, 142 L.Ed.2d 491 (1998) ("where an applicant has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, §2254(e)(2) will not preclude an evidentiary hearing in federal court"); *McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir.1998) ("a petitioner cannot be said to have 'failed to develop' a factual basis for his claim unless the undeveloped record is a result of his own decision or omission"); *Burris v. Parke*, 116 F.3d 256, 258 (7th Cir.),

ORDER - 8

*cert denied* 522 U.S. 990, 118 S.Ct. 462, 139 L.Ed.2d 395 (1997) ("'Failure' " implies omission--a decision not to introduce evidence when there was an opportunity, or a decision not to seek an opportunity"); *Love v. Morton*, 112 F.3d 131, 136 (3rd Cir.1997) (petitioner did not fail to develop the record when the trial judge's abrupt declaration of a mistrial prevented him from doing so.)

A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. *Campbell v. Woods*, 18 F.2d 662, 679 (9th Cir. 1994)(en banc), *cert.*

In the present case, Petitioner has failed to develop the factual basis of his claims in State court proceedings.  Further, Petitioner has not shown a new rule of constitutional law, a factual predicate that could not have been previously discovered, or that no reasonable factfinder would have found the applicant guilty of the underlying offense to warrant an evidentiary hearing on the claims.  The Court finds there is no need for further development of the facts. Accordingly, an evidentiary hearing is denied for failure to meet the requirements under 28 U.S.C. § 2254(e)(2).

**V.   MERITS**

**A.   Standard of Review**

State court judgments carry a presumption of finality and legality.  *McKenzie v. McCormick*, 27 F.3d 1415, 1418 (9th Cir. 1994), *cert. denied*, 513 U.S. 1118 (1995).  The petitioner must prove "by a preponderance of the evidence" the facts underlying the alleged constitutional error.  *McKenzie*, 27 F.3d at 1418-19.  A state court's

ORDER - 9

interpretation of state law is binding upon the federal courts. *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir. 1989), *cert. denied*, 493 U.S. 942 (1989).

Under the AEDPA, a federal court may grant habeas relief if a state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence. 28 U.S.C.A. § 2254(d). "When analyzing a claim that there has been an unreasonable application of federal law, we must first consider whether the state court erred; only after we have made that determination may we then consider whether any error involved an unreasonable application of controlling law within the meaning of § 2254(d)." *Van Tran v. Lindsey*, 212 F.3d 1143, 1155 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340 (2000).

Further, we apply the *Brecht* standard to determine whether a constitutional error was harmless. Habeas relief is warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710 (1993); *Bains v. Cambra*, 204 F.3d 964, 977-78 (9th Cir.) *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627 (2000). That is, the Petitioner is entitled to habeas relief only if he can show that any constitutional violation "resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 619, 113 S.Ct. at 1713.

ORDER - 10

**B.  State Court Decisions Were Not Contrary To, Or An Unreasonable Application Of, Clearly Established Federal Law**

The Washington Court of Appeals and the Supreme Court determined that a speedy trial violation did not occur based on the fact that Petitioner pleaded guilty to both counts.  The state courts also determined that Petitioner's allegation of ineffective assistance of counsel was unsupported by the evidence.

To establish ineffective assistance of counsel, the defendant has the burden of showing (1) that his counsel's performance was deficient, and (2) that prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).  The defendant can establish prejudice only by demonstrating "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Lord*, 117 Wn.2d 829, 883-84, 822 P.2d 177 (1991)(quoting *Strickland*, 466 U.S. at 694).  And, the defendant must show that the challenged conduct was not a legitimate trial strategy or tactic.  *McFarland*, 127 Wn.2d at 336.  Courts presume that the defendant received effective representation.  *Id*.

The AEDPA prohibits a grant of relief on any claim adjudicated in state court unless the state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.  28 U.S.C. §2254(d).  The AEDPA imposes a "'highly deferential standard for evaluation state-court

ORDER - 11

rulings.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (*quoting Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997).

The AEDPA "'demands that state court decisions be given the benefit of the doubt.'" *Clark*, 331 F.3d at 1067 (*quoting Woodford v. Visciotti*, 123 S.Ct. 357, 360 (2002)(per curiam)). "This deferential review in habeas cases is premised on the fact that the state courts, as part of a co-equal judiciary, are competent interpreters of federal law deserving of our full respect." *Clark*, 331 F.3d at 1067 (*citing Williams v. Taylor*, 529 U.S. 362, 403 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. "Rather, that application must also be unreasonable." *Id*.

Respondent argues that Petitioner's speedy trial claim is without merit. Ct. Rec. 11 at 15. Respondent, citing *United States v. Broce*, 488 U.S. 563, 573-74, 109 S.Ct. 757, 764-65, 102 L.Ed.2d 927 (1989), asserts that it is well settled that a plea of guilty precludes the defendant from challenging any constitutional violations that have occurred prior to the entry of his plea. Ct. Rec. 11 at 15.

The Washington Supreme Court Commissioner's decision concerning Mr. Manier's claims was consistent with the United States Supreme Court precedent governing the claim-preclusion effect of guilty pleas and the effective assistance of counsel in the context of guilty pleas. That decision will be given deference under 28 U.S.C.

ORDER - 12

§2254(d).  Petitioner was not denied his right to a speedy trial in light of the circumstances in this case.  This claim is therefore without merit.

This Court also agrees with the state court decisions that Petitioner was unable to establish ineffective assistance of counsel, as he did not raise any constitutional ground, nor did he show that the challenged conduct was not a legitimate trial strategy or tactic. The court finds that the state court decision was not contrary to clearly established federal law, i.e., *Strickland* test.  Petitioner failed to show that his counsel's performance was deficient, or how he was prejudiced by that performance.  Mr. Manier simply failed to develop any factual basis for his ineffective assistance of counsel allegations in the state court proceedings.

Hence, Petitioner is not entitled to relief under 28 U.S.C. §2254(d) with respect to the ineffective assistance of counsel claim or the speedy trial claim.

**C.    Dismissal on Its Merits**

The federal court has discretion to dismiss the petition on its merits even though it may contain some unexhausted claims if the court finds that all the claims are meritless.  See, e.g., *Duncan v. Walker*, 533 U.S. 167, 182-83, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring) ("[Section 2254(b)(2)] gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims).

///

ORDER - 13

Under both the old habeas statute, see *Granberry* v. Greer, 481 U.S. 129, 135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987), and the new habeas statute, 28 U.S.C. § 2254(b)(2), a court may deny an unexhausted petition on the merits if it clearly does not raise a colorable federal claim. See, e.g., *Liegakos v. Cooke*, 106 F.3d 1381, 1388 (7th Cir.1997).  The court finds Petitioner did not raise any colorable federal claims.

When a habeas petition is clearly without merit, the interests of comity and federalism, which underpin the exhaustion doctrine, are better served if the federal court addresses the merits pursuant to § 2254(b)(2), rather than sending the petitioner back to the state courts on a futile quest to exhaust ultimately meritless claims.  See *Lum v. Penarosa*, 2 F.Supp.2d 1291, 1293 (D. Hawaii 1998). Petitioner's claims before this Court, regardless of their exhaustion status, are without merit.  Therefore, the petition will be dismissed.

**VI.  CONCLUSION**

For the reasons stated above, the Court is without grounds upon which to grant the Writ of Habeas Corpus.

**IT IS HEREBY ORDERED** that:

1.   Petitioner's Request for Hearing, **Ct. Rec. 10**, filed September 2, 2004 is **DENIED.**

2.   Petitioner's First Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **Ct. Rec. 4**, filed July 23, 2004, is **DENIED.  Furthermore, any appeal taken by Petitioner**

ORDER - 14

**of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right.  It is not apparent that reasonable jurists would differ on whether the petition should have been resolved in a different manner.   Accordingly, any request for a certificate of appealability would be denied.**

The District Court Executive is hereby directed to file this Order, provide copies to counsel and *pro se* Petitioner, close file and enter judgment accordingly.

**DATED** this 6th day of May, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 15